3. That one of the ingredients used in the manufacture of the imported product is ethyl alcohol.

4. That, at a time preceding the date of manufacture, the manufacturer herein paid an excise tax to the British Government on ethyl alcohol used in making the imported merchandise.

5. That the said excise tax amounted to 212 shillings, 4 pence, per proof gallon of ethyl alcohol.

6. That the said excise tax was refunded to the manufacturer on the exportation of the finished product to the United States.

I conclude as matters of law:

1. That there was no foreign value, export value, or United States value for the imported merchandise, as such values are respectively defined in section 402 (c) of the Tariff Act of 1930, as amended, section 402 (d) of said act, and section 402 (e) of the tariff act, as amended.

2. That cost of production, as that value is defined in section 402 (f) of said tariff act, is the proper basis for the determination of the value of the merchandise involved herein.

3. That, in determining said cost of production, refund of said excise tax, amounting to 212 shillings, 4 pence, per proof gallon of ethyl alcohol, received by the English manufacturer upon exportation of the completed merchandise, may not be deducted from the cost of materials thereof.

4. That the cost of production of the within merchandise is 303 shillings, 1.90 pence, per imperial gallon of extract, plus the cost of stainless steel drums at 40 pounds, each, British currency, which amount is equal to the appraised value herein.

Judgment will be rendered accordingly.

**REHEARING MOTION GRANTED**

July 2, 1958

Reap. Dec. 9181.—

*Paper Co.* v. *United States.* Entered at New Orleans, La. Reap. Dec. 9150. Motion by defendant.

(Reap. Dec. 9182)

Victory Shipping Co., Inc. *v.* United States

Entry No. 792664.